**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

JEROME W. JOHNSON,
   Appellant,

  v.

DEPARTMENT OF THE NAVY,
   Agency.

DOCKET NUMBER
DC-0752-16-0064-I-1

DATE: April 14, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin McCants, Washington, D.C., for the appellant.

Robert Howard Walton, Norfolk, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find it unnecessary to make a determination regarding whether the agency proved its charge of absence without leave (AWOL), and to VACATE the administrative judge's alternative finding regarding the appellant's whistleblower reprisal affirmative defense, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was employed by the agency's Naval Supply Systems Command (NAVSUP) as a Postal Supervisor, domiciled at a Naval District Washington (NDW) installation. Initial Appeal File (IAF), Tab 7 at 51, 95. On April 2, 2015, he called the Veterans Administration (VA) Crisis Hotline and made a reference to the Washington Navy Yard shooting (in which 13 people were killed on September 16, 2013). *Id*. at 45, 53. According to the VA responder who took the appellant's call, the appellant also threatened to kill several people and then commit suicide. *Id*. at 53. Individuals from the Crisis Hotline contacted the NDW and the appellant's supervisor regarding the appellant's statements. *Id.* at 63-64. As a result of safety concerns raised by the statements, the commanding officer of the NDW installation where the appellant

worked issued the appellant a debarment letter and NDW officers escorted him out of his work location the same day. *Id.* at 64.

¶3    The appellant's third-level supervisor placed the appellant on paid administrative leave from April 3 to June 26, 2015. IAF, Tab 7 at 79, 81-83, 86, Tab 27, Hearing Compact Disc (HCD) (testimony of the appellant's third-level supervisor); Petition for Review (PFR) File, Tab 6 at 89-90. On April 7, 2015, the NDW issued the appellant another letter, barring him from all NDW installations, including the one where he worked. IAF, Tab 7 at 76-77. The appellant appealed that barment order to the NDW Commandant, and his appeal was denied. *Id.* at 70-74.

¶4    On June 12, 2015, the appellant's third-level supervisor warned the appellant that unless he was "able to resolve [his] barment from naval installations, enabling [him] to legally access [his] appointed place of work, [he would] be placed in an [AWOL] status" beginning June 29, 2015. *Id.* at 79. The appellant took annual leave from June 29 to July 23, 2015. PFR File, Tab 6 at 89; IAF, Tab 7 at 86. From July 24 to September 25, 2015, the agency designated the appellant's leave status as AWOL. PFR File, Tab 6 at 88; IAF, Tab 7 at 86.

¶5    On September 25, 2015, the agency removed the appellant from the Federal service. IAF, Tab 7 at 51. The removal was based on one charge of making statements that resulted in disruption and anxiety in the workplace and one charge of being AWOL. *Id.* at 29-31.

¶6    The appellant timely filed an appeal with the Board. IAF, Tab 1. The administrative judge held the appellant's requested hearing. HCD. In her initial decision, the administrative judge sustained the agency's charges, found that the appellant failed to prove his affirmative defenses of reprisal for making a protected disclosure or retaliation for engaging in the Equal Employment Opportunity (EEO) process, found that the agency proved nexus, and concluded that the agency-imposed penalty of removal was within the bounds of reasonableness. IAF, Tab 28, Initial Decision (ID) at 10-22.

¶7      The appellant has filed a petition for review, and the agency has filed a response opposing the petition.[3]  PFR File, Tabs 1, 3.  The Office of the Clerk of the Board ordered the parties to file evidence and argument addressing the appellant's employment relationship to the NDW.  PFR File, Tab 5.  The agency has submitted a response, and the appellant has replied.  PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly sustained the charge of making statements that resulted in disruption and anxiety in the workplace.

¶8      The administrative judge found that the agency met its burden to prove the charge of making statements that resulted in anxiety and disruption in the workplace.  ID at 6-7, 13.  We agree.

¶9      In making her determination, the administrative judge credited the testimony of the Crisis Hotline responder that the appellant referenced the Navy Yard shooting during his call and indicated that if the responder thought that that was bad, the appellant was going to take out a number of people and commit suicide.  ID at 13; IAF, Tab 7 at 30, 53.  The administrative judge found that, as a result of the appellant's statements, his first-level supervisor experienced anxiety, his third-level supervisor reported to work on his day off, and NDW police intervened and escorted the appellant from his work location, ID at 13; IAF, Tab 7 at 30-31.  *See Gray v. Government Printing Office*, 111 M.S.P.R. 184, ¶¶ 2,

---

[3] In his petition for review, the appellant does not challenge the administrative judge's finding that he failed to prove that the agency removed him because of his prior EEO activities.  PFR File, Tab 1; ID at 18-19.  Nor does the appellant seem to challenge the administrative judge's finding that he failed to prove his affirmative defense of reprisal for making a protected disclosure.  PFR File, Tab 1; ID at 16-18.  Because the administrative judge found that the appellant failed to prove that he made a protected disclosure, we vacate her alternative finding that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his alleged protected disclosure, ID at 16-17.  *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016).  We otherwise discern no basis to disturb her findings regarding these affirmative defenses.  Further, we have reviewed the relevant legislation enacted during the pendency of this appeal and find that none impact the outcome.

5-6, 16 (2009) (finding that an agency proved a charge of disruption in the workplace and because the appellant's statements, including that he "might do something bad" to his supervisor, was "going to kill him with a machete," and was going to "cut . . . him to pieces," caused anxiety to those who overheard them).

¶10    On review, the appellant argues that the administrative judge erred by "accepting testimony from" the responder who received the appellant's call to the VA Crisis Hotline because he violated N.Y. Mental Hyg. Law § 9.46. PFR File, Tab 1 at 4. That law requires any "mental health professional" to report to certain authorities when he reasonably determines that a person he is treating is likely to cause serious harm to himself or others. N.Y. Mental Hyg. Law § 9.46. First, it is not clear that the responder is a mental health professional under the statute, and indeed the appellant argues that he is not. PFR File, Tab 1 at 4. Thus, the appellant has failed to show that the statute applies to the responder. Second, assuming that the responder violated the statute, the appellant has failed to explain why that would be cause for prohibiting his testimony. *Id*. Accordingly, we find the appellant's argument unpersuasive.[4] To the extent that the appellant is seeking to assert a psychotherapist-patient privilege, we decline to find that any such privilege was violated. PFR File, Tab 1 at 4-5; IAF, Tab 14 at 4. The appellant was specifically cautioned by the counselor that his statements might trigger a duty to warn, yet he continued to make them. IAF, Tab 7 at 30, 53-54, 93; ID at 13; *see Gray*, 111 M.S.P.R. 184, ¶ 10 (explaining that whether an

---

[4] Although the appellant did not raise this argument below, we have considered it for the first time on review because it is closely related to his argument below that staff at the Crisis Hotline violated the statute by reporting his telephone call to the agency. IAF, Tab 14 at 2-4; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (observing that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). The appellant has not re-raised this argument on review.

appellant is aware his statements might not be kept confidential is a factor in determining whether they are covered by a psychotherapist-patient privilege).

¶11 The appellant challenges the administrative judge's finding that the Crisis Hotline responder was credible. PFR File, Tab 1 at 4-5; ID at 11-13. In making this finding, the administrative judge considered the relevant factors used to assess credibility. *Id.* (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing factors to be considered in making credibility determinations)). In crediting the responder, the administrative judge found that he was unbiased. ID at 12-13. She also found that the appellant's testimony that he was calm when he made the hotline call was inherently improbable in light of his recent reassignment and harassment charges pending against him. *Id.*; IAF, Tab 7 at 63.

¶12 The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find no sufficiently sound reasons here. The appellant argues that the administrative judge failed to consider that the responder read from his notes and talked to his supervisor during the hearing. PFR File, Tab 1 at 4. The appellant also asserts that the responder made inconsistent statements on April 2, 2015, regarding whether the appellant threatened to "kill his supervisor" or "take out several people." *Id.* at 5. Finally, he argues that the responder testified that the hotline call lasted only 10 minutes, contradicting the responder's earlier statement to the agency that the call was 35-40 minutes. *Id.*; IAF, Tab 7 at 53.

¶13 As to the length of the call, we decline to disturb the administrative judge's finding that the responder's error regarding the length of the call in his earlier statement to the agency did not significantly undermine his credibility. ID at 7-8, 12 n.1; *see Broughton v. Department of Health and Human Services*, 33 M.S.P.R.

357, 359 (1987) (observing that mere reargument of factual issues already raised and properly resolved by the administrative judge below do not establish a basis for review). As to the responder's alleged referral to his notes during the hearing, the appellant appears to misunderstand the hearing process. PFR File, Tab 1 at 5. Although the responder initially looked at his prior statement to the agency while testifying, the administrative judge requested that he testify from his memory, and he proceeded to do so.[5] HCD (testimony of the responder). We also do not agree that the responder's statements were inherently inconsistent, as alleged by the appellant. PFR File, Tab 1 at 5. The responder consistently stated, as charged by the agency, that the appellant referenced the Navy Yard shooting and said he was going to take several people out and then commit suicide. HCD (testimony of the responder); IAF, Tab 7 at 30, 53, 63-64.

¶14    The appellant contends that the administrative judge also erred in concluding that the responder stated that he left voicemail messages for the appellant because the responder testified that he did not know the appellant's telephone number. PFR File, Tab 1 at 5. In fact, the administrative judge found that the responder stated that he did not leave a voicemail message for the appellant. ID at 7. Accordingly, we find the appellant's argument unavailing.

We find it unnecessary to make a determination regarding the AWOL charge.

¶15    The appellant further alleges that the administrative judge "erred by not recognizing his forced leave" while the agency investigated his alleged

---

[5] As to the allegation that the responder spoke with his supervisor at some point during the proceedings, we have been unable to discern whether such conversations occurred on the record. PFR File, Tab 1 at 5. Further, the appellant has not alleged any improprieties in any such discussion. Therefore, we decline to consider this argument further. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984) (declining to find that the presiding official's failure to mention all of the evidence meant that she did not consider it), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

misconduct.[6]  PFR File, Tab 1 at 5; ID at 14.  We interpret this assertion as an argument that the administrative judge erred in sustaining the AWOL charge. Because the first charge regarding the appellant's statements to the responder is sufficient to sustain his removal, we find it unnecessary to reach this issue of whether the agency proved its AWOL charge.  *See Gray*, 111 M.S.P.R. 184, ¶ 17 (finding it unnecessary to address the appellant's arguments as to one of the charges because the other sustained charges warranted the penalty of removal). Because we do not address this charge, it is appropriate for purposes of assessing the penalty to treat this as a case in which not all charges are sustained.  *Id.*

The penalty of removal is within the bounds of reasonableness based on the sustained charge.

¶16    When an agency proves fewer than all of its charges, the Board may mitigate to the maximum reasonable penalty so long as the agency has not indicated either in its final decision or during proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges.  *Gray*, 111 M.S.P.R. 184, ¶ 18.  The Board may impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors.  *Id.*; *see Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1016-17 (Fed. Cir. 2019) (stating that in an appeal where not all of the charges are sustained, "the Board functions to determine whether or not the agency's penalty selection was reasonable in light of the sustained charge[]").

¶17    In his decision notice, the deciding official stated that he believed each charge, standing alone, was sufficient to warrant the appellant's removal.  IAF, Tab 7 at 22.  The deciding official came to this conclusion after considering all of the appropriate factors.  *Id.* at 19-27; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant

---

[6] To the extent that the appellant is raising an enforced leave claim for the first time on review, we decline to consider it.  *See Banks*, 4 M.S.P.R. at 271.

to determining the appropriateness of a penalty for misconduct). Beyond his dispute of the charges, the appellant did not make any argument regarding mitigation, either below or on review. ID at 22; PFR File, Tab 1.

¶18 We agree with the deciding official that the appellant's sustained conduct of making statements that resulted in anxiety and disruption in the workplace was serious. IAF, Tab 7 at 21; *see Gray*, <u>111 M.S.P.R. 184</u>, ¶¶ 11, 19-21 (finding that charges of making statements that caused anxiety and disruption in the workplace and using racially inappropriate language were sufficient to sustain a removal); *Stoddard v. Department of the Army*, <u>109 M.S.P.R. 199</u>, ¶¶ 2, 10 (2008) (finding removal an appropriate penalty for an appellant charged with creating a disturbance by implying he would inflict bodily harm on his supervisor and coworkers). The deciding official found that removal was within the recommended range of penalties for the sustained charge and was consistent with the agency's growing concern with preventing workplace violence. IAF, Tab 7 at 22. Further, he considered the appellant's 5 years of service and acceptable performance. *Id.* at 21. Nonetheless, in light of the seriousness of the charge, he found that removal was appropriate. *Id.* at 22. We therefore find that the deciding official considered the *Douglas* factors most relevant to this case and that the agency reasonably exercised its management discretion. Accordingly, we find that the penalty of removal is within the tolerable limits of reasonableness for the charge of making statements that resulted in disruption and anxiety in the workplace.

<u>We decline to address the appellant's arguments regarding his individual right of action (IRA) appeal.</u>

¶19 Finally, the appellant previously filed an IRA appeal, which the administrative judge dismissed as untimely filed. *Johnson v. Department of the Navy*, MSPB Docket No. DC-1221-16-0122-W-1, Initial Decision at 1 (Oct. 5, 2016). That decision became final after neither party filed a timely petition for review. In filing his petition for review, the appellant appears to challenge this

determination. PFR File, Tab 1 at 4, 6. The Office of the Clerk of the Board provided him the opportunity to clarify whether he intended to file a petition for review in his IRA appeal. PFR File, Tab 4. The appellant was informed that if he failed to do so, the Board might assume that he did not intend to file a petition for review of his IRA appeal. *Id*. at 2. The appellant failed to respond to the Office of the Clerk of the Board's order. Accordingly, we decline to address the appellant's assertions appearing to relate to his IRA appeal. PFR File, Tab 1 at 4, 6.

¶20     Accordingly, we affirm the initial decision sustaining the appellant's removal, as modified herein.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.